UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ROBERTO SANTIAGO,

Defendant.

No. 10-cr-555 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

In a letter dated April 30, 2020 but received in Chambers on May 18, 2020, Defendant Roberto Santiago moved the Court for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 134.) On May 22, 2020, the government filed a letter opposing Santiago's request for compassionate release. (Doc. No. 135.)

By way of background, Santiago was charged in December 2012 with one count of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 38.) On April 2, 2013, Santiago pleaded guilty, pursuant to a plea agreement, to the lesser-included offense of conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. In February 2014, the Court sentenced Santiago to 144 months' imprisonment (Doc. No. 67), and in December 2015, following amendments to the United States Sentencing Guidelines, the Court reduced Santiago's prison term to 135 months (Doc. No. 110). According to the government, Santiago is currently housed at a low-security facility at Fort Dix. (Doc. No. 135 at 3–4.)

Santiago now requests compassionate release based, in part, on several underlying health conditions that he contends place him at a heightened risk for contracting COVID-19. Although Santiago states that he "has filed" a motion with the Bureau of Prisons ("BOP") seeking

"Compassionate Release" (Doc. No. 134 at 7), he gives no indication of when he filed the motion or its current status.  Moreover, the government asserts that "a BOP Fort Dix official has informed the [g]overnment that there is no record of Santiago having petitioned the BOP for a reduced sentence."  (Doc. No. 135 at 4.)  As the Court recently explained *United States v. Ogarro*, "section 3582(c)'s exhaustion proscription" unambiguously "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warned of the defendant's facility.'"  No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  The Court lacks the authority to waive that exhaustion requirement. *Id.* at *7–10.

Accordingly, because Santiago has failed to demonstrate that he has exhausted his available administrative remedies, IT IS HEREBY ORDERED THAT his request for compassionate release is DENIED without prejudice.  If Santiago believes that the government's contention that he has not filed for compassionate release with the BOP is incorrect, he should submit a letter to the Court, which should include details regarding when the request was filed.  The Clerk of the Court is respectfully requested to mail a copy of this letter to Defendant Santiago.

SO ORDERED.

Dated:    May 28, 2020
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation