UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ROBERTO SANTIAGO,

Defendant.

No. 10-cr-555 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of the attached letter from Defendant, dated June 4, 2020 but received in Chambers on June 12, 2020. IT IS HEREBY ORDERED THAT the government shall respond to Defendant's letter no later than June 18, 2020. The Clerk of the Court is respectfully requested to mail a copy of this Order to Defendant.

SO ORDERED.

Dated: June 12, 2020
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Respondent. | : | |
| vs. | : | Crim. No. 10-cr-555(RJS) |
| Roberto Santiago Defendant. | : | |

DEFENDANT'S REPLIED TO GOVERNMENT'S OPPOSITION MOTION

NOW COMES, Defendant Roberto Santiago, in his proper person, and moves in this Honorable Tribunal, by way of his Motion of Relied to Government's Opposition, and for the following reasons this Tribunal should dismiss Government's opposition as moot:

INTRODUCTION

Procedural Background :

On April 4,2020, the Defendant Roberto Santiago, filed with the Federal Correctional Institution Fort Dix's Warden David E. Ortiz, in a copout remedy (Request form) asking to be put in for the Compassionate Release in light of the COVID 19 virus pandemic, he exeplained in that instrument that he suffers with heart problems and other health disorders...However, on April 29, 2020, after more than 79 inmates herein, the FCI and SPC Fort Dix facility contracted the corona virus, and to make matter worse they are being housed

less then 40 yards from where he is presently being housed at the Residential Drug Abuse Program (RDAP), although Mr. Santiago filed his pro'se 18 U.S.C. § 3582(c)(1)(A), 25 days after not receiving a response from Warden Ortiz, such motion was properly filed.

Nevertheless, Defendant Santiago, received a motion on June 2,2020, from the Government opposing his Motion for Compassionate Release pending in this Tribunal, the Government's Motion of Opposition and Memorandum was docket as filed May 22,2020.

GROUNDS FOR RELIEF

Statement of Facts :

April 2,2013, Defendant Santiago, plea guilty to one count of conspiracy to possess with intent to distribute, distribute of controlled substance (heroin), he was sentenced to a term of imprisonment of 144 months, this Tribunal under the two points Amendment 782, reducted 9 months off his imprisonment sentencing term.

Mr.Santiago, is a year old Latino American man, who is a loving father to his children. Mr. Santiago suffers from heart problems among other health disorders, These illnesses make him particularly vulnerable to the COVID 19 virus.

On April 4,2020, Mr. Santiago filed a request with the warden of his institution requesting release, citing as cause, compassionate release due to the COVID 19 pandemic (Exhibit 1). Although more than thirty days have elapsed since the request was made, Mr. Santiago has not received a decision from the warden.Thus, he has satisfactorily pursued his administrative remedies, as

required by 18 U.S.C. § 3582(c)(1)(A).

BACKGROUND

Congress first enacted 18 U.S.C. § 3582(c)(1) as part of the Comprehensive Crime Control Act of 1984 to serve as a "safety valve" for judges to assess whether a sentence reduction was warranted by factors that previously would have been addressed through the abolished parole system. S.Rep. No.98-225, at 121(1983). This legislative history demonstrates that Congress, in passing the Comprehensive Crime Control Act of (1983), intended to give district courts an equitable power to employ om an individualized basis to correct sentences when 'extraordinary and compelling reasons' indicate that the sentence initially imposed on an individual no longer served legislative objectives." United States v. Millan, No. 91-CR-685(LAP) 2020 WL 1674058,at *5 (S.D.N.Y. Apr. 6,2020).

The compassionate release statute empowered courts to reduce a defendant's sentence whenever, " extraordinary and compelling reasons warrant such a reduction" 18 U.S.C. § 3582(c)(1)(A)(i). Congress delegated to the U.S. Sentencing Commission the responsibility of defining what were " extraordinary and compelling reasons." See 28 U.S.C. § 994(t)(" The Commission...shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criterira to be applied and a list of specific example."). However, it was not until 2007, more than two decades after the statute was enacted, that the Commission responded. It issued aguideline stating that " extraordinary and compelling reasons" include medical conditions age, family circumstances, and " other reasons." U.S.S.G. § 1B1.13, app.n.1(A)-(D).

Mr.Santiago has served 75 percent of his sentence, and it is worth noting that Application Note 1(B) identifies extraordinary and compelling reasons to include when " [t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Furthermore, Application Note 1(D) created a catch-all provision, for when the Director of the BOP determined " there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."Id.

As originally enacted, the statute left sole discretion for filing compassionate release that in many ways narrowed the criteria established by the Commission. See BOP Program Statement 5050.49. During the span of more than three decades, the BOP rarely filed motion on behalf of inmates who met the eligibility criteria. The Office of the Inspector General for the Department of Justice concluded in 2013 that "[t]he BOP does not properly manage the compassionat release program, resulting in inmates who may be eligible candidates for release not being considered." Dep't of Justice, Office of the Inspector General, The Federal Bureau of Prisons' Compassionate Release Program (April 13,2013), at 11, available at https://oig.justice.gov/report/2013/e1306.pdf; see also Dep't of Justice, Office of the Inspector General, The Impact of an Aging Inmate Population on the Federal Bureau of Prisons (May 2015), at 51, available at https://oig.justice.gov/ report/2015/e1505.pdf.#page=1( " Although the BOP has revised its compassionate release policy to expand consideration for early release to aging inmates, which could help mitigate the effects of a growing

ging inmate population, few aging inmates have been released under it."); U.S.S.G. § 1B1.13, app.n.4 (admonishhing BOP for its past failure to pursue relief on behalf of eligible inmates). Heeding this criticism, Congress acted. Section 603(b) of the First Step Act— In creasing the Use and Transparency of Compassionate Release"--leaves no doubt as to Congress' intent in modifying 18 U.S.C. § 3582(c)(1)(A). Through the First Step Act, enacted December 21,2018, Congress sought to resuscitate compassionate release by, inter alia, allowing defendants to directly petition courts for relief, rather than leaving that power solely in the hands of the BOP. See 18 U.S.C § 3582(c)(1)(A). Under the amended statute, a court may conduct such a review also 'upon motion of the defendant,' if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "'from the receipt of such a request by the warden of the defendant's facility,'" whichever is earlier. United States v. Williams, No.4:11-cr-40037-12,2020 US. Dist. LEXIS 68515, at *4-5(W.D. Ark. Apr.20,2020)(quoting 18 U.S.C. § 3582(c)(1)(A)(i); Pub.L.115-39, Title VI,§ 603(b), Dec.21,2018,132 Stat.5239). In other words, a prisoner " must exhaust" the administrative appeal process, or wait "30 days," before his claim may be considered by the court. United States v. Thomas, No. 2:08-CR-00295-01,2020 US. Dist. LEXIS 74105, at *2(W.D. La. Apr.27,2020); United States v. Underwood, No. TDC-18-0201,2020 WL 1820092,at *2 (D. Md. Apr. 10,2020)(citing cases).

ARGUMENT

The Government acknowledge that Mr. Santiago's health conditions places him in high risk of the deadly corona virus as its called. But they asks this Court to over look the fact that Mr. Santiago's sentence under the Title 18 U.S.C. § 3553(a) factors in the scheme of this Tribunal's imposed sentence

structure was not a death sentence.

Judges around this country have found that a defendant's vulnerability to COVID 19 constitutes " extraordinary and compelling reasons" for relief Mr. Santiago's underlying medical condition (heart disorder) makes him especially vulnerable to COVID 19, constituting "extraordinary and compelling reasons" for relief. See Coreas v. Bounds, No. TDC-20-0780,2020 US. Dist. LEXIS 59211, at *4 (D.Md. Apr.3,2020)(" The CDC has identified several medical conditions chronic kidney or liver disease, compromised immune system, endocrine disorders, including diabetes, metabolic disorders, heart and lung disease"). Mr. Santiago's release does not pose a danger to the community and a balancing of the § 3582(a) factors with the risks to the client posed by COVID 19 warrants relief.

**A. The Court Has Authority to Determine CLIENT'S Vulnerability to COVID-19 Constitutes an " Extraordinary and Compelling Reasons" for a Sentence Reduction.**

Federal judges across the country have held that they have the authority to define " extraordinary and compelling reasons" for release under § 1B1.13 app.n.1(D) and that the risks associated with COVID-19 can constitute an " extraordinary and compelling reasons" for sentence reduction. See United States v. Smith, No.12-Cr-133(JlK),2020 WL 1849748(S.D.N.Y. Apr.13,2020)(granting immediate release for individual with asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma in light of presence of COVID 19 at place of imprisonment); United States v. Zukerman, No. 16-cr-194(AT),2020 WL 1659880, at *5 (S.D.N.Y. Apr.3,2020)("The Court also find that Zukerman has set forth ' extraordinary and compelling reasons' to modify his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), because of the

great risk that COVID-19 poses to elderly person with underlying health problems."); United States v. Bryant, No. 95-202-CCB-3,2020 US.Dist. LEXIS 75681, at *7 (D.Md. Apr.30,2020); United States v. Campagna, No.16-cr-78-01,2020 US. Dist. LEXIS 54401 (S.D.N.Y. Mar. 27,2020). Judge Torres was similarly convinced of the same,in United States v. Perez, No.17-cr-513-3,2020 US. Dist. LEXIS 57265, at *10-11(S.D. N.Y. Apr.1,2020).

In United States v. Mel, Judge Chuang held that "[a]s applied to Mel, the COVID-19 pandemic presents 'extraordinary and compelling reasons' that warrant the modest sentencing reduction requested." No. TDC-18-071,2020 WL 2041674, at *2 (D. Md. Apr.28,2020). Ms. Mel had submitted documents establishing that she had a thyroid mass that doctor's estimated had a 25-to-40 percent chance of malignancy. While Judge Chuang found he could not " conclude with certainty" that Mel had health condition that placed her at particular risk to severe illness from COVID-19[FCI-Darbury], and the fact that as a result of the outbreak, she has effectively been prevented from receiving necessary medicial care for a potentially liofe threatening condition, collectively establish' extraordinary and compelling reasons' within the meaning of 18 U.S.C. § 3582(c)(1)(A)." Id. at 3.; United States v. Robinson, No. 18-cr-00597-RS-1,___F.Supp.3d___,2020 WL 1982872(N.D. Calif. Apr.27,2020)(granted compassionat release to prisoner at FCI-Lompoc who suffers from severe psoriasi for which he takes immunosuppressant medication); United States v. Coles, No.00-cr-20051,2020 WL 1976296 (C.D. III. Apr. 24,2020)(granting compassionate release to inmate who had served 19 years of 24 years sentence based on his dental infection and because he is prediabetic);United States v. Gorai, No.2:18-cr-220-JCM (CWH),2020 WL 1975372 (D. Nev. Apr.24,2020)(granting compassionate release in light of COVID-19 to inmate who suffers from asthma);United States v. jolling, No. 11-cr-60131-AA,2020 WL 1903280( D. Ore.

Apr.17,2020)(granting compassionate release to inmate at Butner in light of COVID-19 and his underlying conditions, including " hypertension, atherrosclerosis, a history of transient ischemic attacks, dyslipidemia, obesity, history of left lower extrmity fracture" and diagnosis of prostatic adenocarcinoma"); United States v. Samy, case No.16-20610-1,2020 WL 1888842 (E.D. Mich. Apr. 16,2020)(granting compassionate release because " Samy squarely fits the definition of an individual who has a higher risk of dying or falling severely ill from COVID 19" because of her age and underlying medical conditions, including a serious **heart condition**, diabetes and **asthma**); United States v. Tran, No. 08-0197-DOC, EFC No. 402(C.D. Calif. Apr.10,2020)(granting compassionate release because defendant, 75 " suffers from asthma, high blood pressure, high cholesterol, diabetes, diverticulosis, blood clots, hearing loss, glaucoma, cataracts, and lower back nerve pain," placing him at a " heighten risk of becoming severely ill from COVID 19");United States v. Rodriguez,2:03-cr-00271-AB-1,2020 WL 1627331,at *7(E.D. Pa.Apr.10,2020)("Mr.Rodriguez's circumstances-particularly the outbreak of COVID-19 and his underlying medical conditions that place him at a high risk should he contract the disease-present ' extraordinary and compelling reasons' to reduce his sentence.");United States v. Miller, No. 16-cr-20222-1,2020 WL 1814084, at *4(E.D. Mich. Apr.9,2020)(" Miller squarely fits the definition of an individual who has higher risk of falling severely ill from COVID 19...Therefore, the Court finds that extraordinary and compelling reasons exist for his immediate compassionate release."); United States v. Hanson, No.07-cr-00520(KAM), 2020 WL 1703672, at *8-9(E.D.N.Y. Apr.8,2020)(granting compassionate release in light of "the unique risk posed by the COVID-19 pandemic to prisoners like Mr.Hanson, who is elderly and infrim").

There is no question that Section 603(b) of the First Step Act

fundamentally changed the role of courts in the compassionate release process vesting them with the authority to determine what constitutes extraordinary and compelling reasons for release. This pandemic, as applied to Mr. Santiago is an extraordinary and compelling circumstance.

**B. Mr. Santiago's Situation Presents an " Extraordinary and Compelling" Reason Warrant a Reduced Sentence.**

The Center for Disease Control have identified several factors that put individuals at higher risk for severe illness. " Based on currently available information and clinical expertist,**older adults and people of age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19." CDC,** People Who Are at Higher Risk for Severe Illness, https:// www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/ people-at-higher-risk.html.

Those risk factors include:

*"People 65 **years** and **older."**

* **People who live in a nursing home or long term care facility.**

" *People **with** chronic **lung disease or moderate to severe asthma."**

*"People **who have serious heart conditions.**

"

*"People **with diabetes."**

Id.

A recent study published in the journel of the American Medical Association (JAMA) found that among 5700 patients in New York City who were hospitalized with COVID-19, the most common underlying medical conditions were hypertension (56.6 percent), obesity (41.7 percent) and diabetes (33.8 percent). Safiya Richardson et.al., Presenting Characteristics, Comorbidities, and Outcomes Among 5700 Patients Hosptialized with COVID-19 in New York City

Area, JAMA, available at https://jamanetwork.com/journals/jama/fullarticle/2765184. Similarly, as Judge Chuange note in a recent opinion ordering the release of a defendant from the Central Treatment Facility in Washington, D.C., " as of March 2020, three-fourths of individuals who died from COVID-19 in Italy had hypertension." United States v. Keaton, No. TDC-18-0215,ECF No.84 at *5(D.Md.Apr.3,2020).

Mr. Santiago has several of the risk factors identified by the Centers for Disease Control and studies on those infeced:Heart and Breathing problems. Mr. Santiago's particular vulnerability to COVID-19 constitutes an extraordinary and compelling reason for relief given the spread of the virus within the Bureau of Prisons, and especially Fort Dix. Mr.Santiago's right to file administrative remedies as to appeals can only be executed should ever the warden response to Mr.Santiago's request dated April 4,2020, with a denial. As long as the warden refuse or neglect to file a response Mr.Santiago, cannot justify to staff a ground for an appeal here at the FCI-Fort Dix...Up in til about two weeks ago staff frequently do not waer masks or other protective gear, and that the warden.

Further, according to a recent press release, confirmed by the Bureau of Prisons, the number of cases at the Fort Dix spike from one to 40 within three weeks,See, https.//www.inquirer.com/news/coronavirus-fortdix-federal-prison-new-jersey-lawsuit-aclu-20200504.html; see also BOP,COVID-19 Cases,https://www.bop.gov/coronavirus/(which confirming 38 inmate's death thus far).

1 Numbers obtain from www.bop.gov/coronavirus on a daily basis. There is good reason to believe that the numbers report by the BOP understate the actual numbers of tested-positive cases. Compare M. Licon-Vitale, MCC Ward, and D. Edge, MDC Warden, Response to EDNY Administrative Order 2020-14 (Apr. 7,2020) at https://www,nyed.uscourts.gov/bop/MDC 20200407 04257.pdf(3 positive inmates at MDC Brooklyn) with COVID-19 Cases Federal Bureau of Prisons(Apr.7,2020) at www.bop.gov/

coronavirus (2 positive inmates at MDC Brooklyn).

[2] Numbers obtained from https:// www.cdc.gov/coronavirus/2019-ncov-updates/ cases-in-us html. See Number of Reported COVID-19 Cases in Bureau of Prisons' [1] and and the United States[2] Compared by Days since First Reported Infection

| Day of Known COVID-19 Case | BOP Date | BOP Infections | U.S. Date | US Infections |
|---|---|---|---|---|
| Day 1 | 3/20/2020 | 2 | 1/22/2020 | 1 |
| Day 2 | 3/21/2020 | 3 | 1/23/2020 | 1 |
| Day 4 | 3/23/2020 | 6 | 1/25/2020 | 2 |
| Day 5 | 3/24/2020 | 9 | 1/26/2020 | 5 |
| Day 7 | 3/26/2020 | 18 | 1/28/2020 | 5 |
| Day 8 | 3/27/2020 | 27 | 1/29/2020 | 7 |
| Day 10 | 3/29/2020 | 38 | 1/31/2020 | 8 |
| Day 11 | 3/30/2020 | 52 | 2/1/2020 | 8 |
| Day 12 | 3/31/2020 | 59 | 2/2/2020 | 8 |

This Court will find in 32 Days the affect of the COVID-19 virus had been contracted by inmates in BOP by 4/20/2020 to reached the amount of 816 inmates infected, and in the same amount of days in the U.S. only 15 individuals had been reported as contracting the corona virus



Amid this rapidly unfolding crisis, the unviversally-recommended antidote is simple: reduce the prison population by releasing those whose continued incarceration is not necssary to protect the public so that correctional institutions can better protect those who need to stay incarcerated.[3] Mr.Santiago is exactly the type of individual deserving of compassionate release: He is at risk of severe illness,and as will be discussed in the next section, his release does not pose a danger to the community and balancing the 3553(a) factors warrants the requested relief.

**C. The Relevant § 3553(a) Sentencing Factors Warrant Reducing DEFENDANT's Sentence to Time Served/Modifying DEFENDANT's Sentence to Allow Him to Serve the Remainder of His Term on Home Confinement.**

Under the compassionate release statute,when a defendant establishes the existence of extraordinary and compelling circumstances justifying relief, courts must consider the relevant sentencing factors of 18 U.S.C. § 3553(a) to determine whether a sentencing reduction or modification is warranted. 18 U.S.C § 3582(c)(1)(A)(i). Here, Mr. Santiago is a 36 year old man, with compromised physical health, and the unique danger he faces of contracting COVID-19 and becoming severely ill, when combines with the other Section 3553(a) sentencing factors, clearly warrant relief.

---

[3] Recognizing the unique risks that correctional facilities pose to inmates and employees, members of Congress asked the BOP on March 19,2020, to allow for the immediate release of elderly, non-violent inmates. See, Letter of Representatives Jerrold Nadler and Karen Bass(March 19,2020)("DOJ and BOP must also do all they can to release as many people as possible who are currently behind bar and at risk of getting sick. Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Director of the Bureau of Prisons may move the courts to reduce an inmate's term of imprisonment for " extraordinary and compelling reasons."). The next week, Attorney General Barr urged the BOP to prioritize home confinement for such vulnerable individuals. See https://www.themarshallproject.org/documents/6820452-Memorandum-from-Attorney General-to-BOP-re-Home. On March 27,2020, more than 400 former DOJ leaders,attorneys, and federal judges sent an

open letter to the President, asking that he take immediate action to reduce the population in correctional facilities to prevent the catastrophic spread of COVID-19, in particular by commuting the sentences of elderly and medically vulnerable inmates who have already served a majority of their sentence. See https://fairandjustprosecution.org/up-content/uploads/2020/03/letter-to-Trump-from DOJ-and-Judges-FINAL.pdf. The same day, dozens of public health experts made a similar request, asking the President to commute the sentences of elderly inmates, noting they are at highest risk of dying from the disease and pose the smallest risk to public safety. See https://thejusticecollaborative.com/up-contyent/uploads/2020/03/Public-Health-Expert-letter-to-Trump.pdf. On April 3,2020, pursuant to his authority under the CARES Act, Attorney General Barrdirected the BOP to exoand the use of home confinement upon finding that " emergency conditions are materially affecting the functioning of the Bureau of Prisons." See https://www.justice.gov/file/126661/download.

First Mr. Santiago was not charged as a kingpin, and he has completed over 75% of his sentence, thus, while his offense conduct was certainly serious, Mr. Santiago was not convicted of committing any acts of violence. Furthermore, as Judge Chauge has noted, being incarcerated during this outbreak "sufficientlty increased the severity of the sentence beyond what was originally anticipated." Mel,2020 WL 2041674, at*3.

Second, continued incarceration is not necessary to protect the community from the crimes of the defendant. Mr.Santiago has completed numerous self-help programs while incarcerated, and was in GED classes, attempting to overcome his learning disabilities, he is presently a participant in the Residential Drug Abuse Program, his projected release date without (RDAP) is December 17,2022, however, as the Government's presented in their motion of opposition, upon Mr.Santiago completing the (RDAP) he would be eligible for transfer to the Bronx Residential Re-entry Center... However, because Mr. Santiago's health condition(s),and his being at high risks of contracting COVID-19, his death or severe ill may-

interfer with the near future promises of halfway housing which may or may not come due to COVID-19.

Third, Mr. Santiago's exposure to COVID-19 at Fort Dix is all but assured without the intervention of this Court. Currently, Mr.Santiago is not scheduled for release until December 17,2022, some two years from now. But in this environment, such a sentence may turn out to be a death sentence for Mr. Santiago. He is remorseful of ill-considered conduct, and he has no intention of re-offending.

In this case, a reduction of sentence to time seved would not diminish the seriousness of the offense, nor would it place the public in any danger. The extraordinary and compelling circumstances presented by the uncontrolled spread of COVID-19 --compounded by the heightened risks faced by Mr.Santiago, whose ability to engage in basic self-protective measures is restricted--warrant relief. Mr. Santiago seeks an order reducing his sentence to time served. Alternatively, Mr. Santiago seeks an order reducing his sentence to time served and modifying his judgment to add any necessary months (the unserved portion of his present sentence) to his term of supervised release so that it can be served on home confinement.

Should the Court decide to release Mr.Santiago's Mother would be picking him up from the FCI-Fort Dix, and transport him home, where he will conduct a 14 days self quarantine, and seek immediate employment. Mr. Santiago in his original petition for Compassionate Release set forth his home plan, and have no intention to derelict those plans upon release under this Court's order and direction.

---

Defendant Santiago respectfully requests counsel's assistance in this matter for Compassionate Release in pursuant section 603(b) of First Step Act in light the COVID-19 pandemic.

CONCLUSION

THEREFORE, as to the above asserted facts this said Defendant Roberto Santiago's " Motion for Compassionate Release in light of the COVID-19 virus pandemic should be grant relief in according to section 603(b) of First Step Act's "extraordinary and compelling circumstances" under the remedy of 18 U.S.C. § 3582(c)(1)(A)(i), and the Government's Motion of Opposition should be dismissed with prejudice.

Dated: June 4 ,2020:

Respectfully Submitted.

Roberto Santiago
Roberto Santiago
Reg. No. 67713-054

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 4 day of the month June ,2020; a copy of the foregoing Defendant Roberto Santiago's Motion of Replied to Government's Motion of Opposition, was mailed to following individuals:

Office of Court's clerk
and,
U.S. Attorney Office
Assistant U.S. Attorney
Eun Young Choi/ David Abramowicz

Respectfully Submitted.

Roberto Santiago
Roberto Santiago
Reg. No. 67713-054
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) David F Ortiz, Warden | DATE: 04/04/20 |
|---|---|
| FROM: Roberto Santiago | REGISTER NO.: 67713-054 |
| WORK ASSIGNMENT: RDAP | UNIT: 5852 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Dear Warden Ortiz, I am respectfully requesting to be put in for the Compassionate Release due to the COVID-19 virus pandemic, I suffers with heart problems and the fact that you are housing over 21 inmates in the Housing Unit #5851 on this westside compound in that Housing Unit is less than 40 yards from where I'am being housed in the Building #5852 in the RDAP program, also a staff member that is said to have contracted the COVID-19, was a Staff member in this Building as a DTS, that had worked in close quarters with me, I am also in a room where the capacity of 10 Inmates resides, and we unable to enjoy the 6fts distance required, these factors place me in high risk of contracting COVID-19 virus.

(Do not write below this line)

DISPOSITION:

Defendant's EXHIBIT NO. 1

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94


Printed on Recycled Paper