UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

ROBERTO SANTIAGO,

Defendant.

No. 10-cr-555 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Defendant Roberto Santiago's motion, in which he (1) renews his request for a compassionate release under the First Step Act of 2018, due to an outbreak of the COVID-19 virus among inmates at the FCI Fort Dix prison facility where he is held, and (2) seeks appointment of counsel to assist him in arguing his motion for a compassionate release. (Doc. No. 142.)[1] For the reasons set forth below, Santiago's motion is DENIED.

In 2013, Santiago pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Based on Santiago's leadership role in the conspiracy, the Court sentenced him to 144 months' imprisonment and five years' supervised release. (Doc. No. 76 at 121.) Two years later, the Court reduced Santiago's sentence to 135 months' imprisonment in light of retroactive amendments to the Sentencing Guidelines that lowered Santiago's offense level. (Doc. No. 110.) The Bureau of Prisons ("BOP") currently projects that Santiago will be released in December 2022. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Jan. 11, 2020).

---

[1] In deciding this motion, the Court has also considered two letters that Santiago sent directly to Chambers, which are attached to this Order.

In April 2020, Santiago filed his first request for a compassionate release, arguing that his heart condition and asthma increased the risk that the Covid-19 pandemic could seriously harm him. (Doc. No. 134 at 2.) Although the Court recognized the potential harms posed by the pandemic and Santiago's underlying health conditions, it nevertheless concluded that release was not appropriate both because the BOP's Fort Dix facility had taken meaningful steps to contain the virus and because the sentencing factors under 18 U.S.C. § 3553(a) outweighed any facts that supported release. (Doc. No. 141.)

As the Court noted previously, a court "may not modify a term of imprisonment once it has been imposed except pursuant to statute." (*Id.* at 3 (quoting *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020)).) Section 3582(c)(1)(A) provides one such exception. It permits a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may reduce a sentence only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). But because this exhaustion requirement is "a 'claim processing' rule rather than a jurisdictional bar," a court can proceed to the merits where, as here, the government does not press the defense of exhaustion. *United States v. Santibanez*, No. 13-cr-912 (RJS), 2020 WL 3642166, at *2 (S.D.N.Y. July 6, 2020).

On the merits, Santiago contends that an outbreak of COVID-19 at Fort Dix, coupled with his underlying health conditions, merits a compassionate release. The Court once again disagrees.

To be sure, the risks Santiago faces from COVID-19 arguably constitute an "extraordinary and compelling reason[]" for early release. In his letter dated October 19, 2020, Santiago asserts that he suffers from a heart condition, asthma, and obesity – each of which can increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html# (last visited Jan. 11, 2021). Making matters worse, the number of inmates at Fort Dix with an active case of the virus has skyrocketed from 20 active cases last month to 797 cases today. *Compare United States v. Gerson Pelagio Suarez*, No. 16-cr-453 (RJS), 2020 WL 7646888, at *3 (S.D.N.Y. Dec. 23, 2020), *with* COVID-19, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 11, 2020). This sharp increase, together with Santiago's medical conditions, may rise to the level of "extraordinary and compelling."

But even if Santiago satisfies this threshold requirement, he would not be entitled to relief. Before granting such relief, the Court must assess the sentencing factors under 18 U.S.C. § 3553(a). *United States v. Broadus*, No. 17-cr-787 (RJS), 2020 WL 3001040, at *3 (S.D.N.Y. June 4, 2020). The same factors that drove the Court's analysis when previously deciding Santiago's motion for a compassionate release apply with equal force now. Specifically, (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" – all strongly disfavor early release. (Doc. No. 141 at 5 (quoting 18 U.S.C. § 3553(a)).)

Santiago organized and supervised a conspiracy to distribute at least ten kilograms of heroin.  As repeatedly explained by the Court, this destructive crime required a serious sentence not only to promote respect for the law and to provide a just punishment, but also to deter comparable criminal conduct.  (*Id.* at 5–6.)  "Releasing Santiago now . . . would go against th[ose] fundamental goals of sentencing."  (*Id.* at 6.)  Accordingly, a compassionate release is not warranted.

Given the Court's denial of Santiago's motion for compassionate release, his request for counsel is denied as moot.  *See, e.g.*, *United States v. Christie*, No. 15 CR. 288 (RMB), 2020 WL 3969962, at *3 (S.D.N.Y. July 14, 2020).

\*   \*   \*

For the reasons set forth above, Santiago's motion for a compassionate release and appointment of counsel is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at Doc. No. 142, and to mail a copy of this Order to Santiago.

SO ORDERED.

Dated:     January 11, 2021
           New York, New York

                                              _____
                                              RICHARD J. SULLIVAN
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation

Roberto Santiago
Reg. No. 67713-054
FCI-Fort Dix
P.O. Box # 2000
Joint Base MDL, NJ 08640

Date: Nov. 30, 2020:

Mr. Richard J. Sullivan
United States Circuit Judge
United States District Court
500 Pearl street
New York, NY 10007

In re: United States v. Roberto Santiago
Case No. 10-cr-555(RJS):

Dear Honorable Judge Sullivan,

    I am writing this letter out of concern as for my motion for an Emergency Reconsideration of the Compassionate Release, in light of the present COVID-19 pandemic herein, the FCI-Fort Dix prison facility, in pursuant of section 603(b), of the First Step Act of 2018, "extraordinary and compelling circumstances," in according to title 18 U.S.C. § 3582 (c)(1)(A)(i), was filed on October 19, 2020.

    I also filed on November 9, 2020, concerning this matter, I am more concern to the points that the COVID-19 pandemic has occurred within the Housing Unit I'am assigned to, a staff member who is a drug train specialist of the RDAP, has tested positive, the prison institution itself on the west compound have 7 housing units, 5 of those 7 housing units has COVID-19 pandemic activity, including the one, I'am housed in we are not provided the necessities or required space to protect ourselves, there is 200 to 250 inmates in each of the five housing units where coronavirus contracted inmates.

    I am fully aware that under a motion for reconsideration the circumstances of anew must be different. As herein, at the time this Court originally denied this defendant's motion for Compassionate Release. The Fci-Fort Dix had reported that there was only 37 inmates that was infected with coronavirus, and had all recovered...However, since Septeber 21, 2020, where there was reported that one inmate transferred from the Elkton prison was infected, by November 11, 2020, more then 300 inmates became infected by the COVID-19 pandemic, at present there is five housing units with inmates infected with the coronavirus, that includes where I'am housed in 5852, in this court's last memo of order it alleged the factors under U.S.S.G. § 1B1.13 cmt. targetted its denial, nevertheless, Honorable Judge Sullivan, as a appellate Judge, you're familiar the Second circuit's holding in United States v. Brooker, which allows a pro'se litigant motion under 18 U.S.C. § 3582(c)(1)(A), does not fall under the U.S.S.G. unless the BOP's Director file such a motion, due to the Sentencing Commission declient to amend the Guidelines § 1B1.13 cmt. under the new law of section 603(b) of the Fisrt Step Act. In Brooker, supra. The second circuit holding that the limitations of Sentencing Guideline 1B1.13 did not apply to Compassionate Release motions brought by prisoners rather than the BOP. Last Friday the 20th of November, 2020, the 7th and 6th Circuit join the Second Circuit's finding that in order for the U.S.S.G. § 1B1.13 cmt. that the Director of BOP had to first determined that a inmate's condition(s) warranted " extraordinary and compelling

reason(s), BOP has refused to administrate policy for Compassionate Release, throughout, this country COVID-19 pandemic, the FCI-Fort Dix staff continues to undermine the seriousness of the COVID-19, see FCI-FORT DIX's memos submitted with October 19, 2020, motion for Emergency Reconsideration for Compassionate Release by this defendant.

    I am humbly asking this Court to act swiftly in this matter due to the high risk of my contracting COVID-19 and becoming severe illness, or fatal resulting from my contracting COVID-19!

    This Defendant Roberto Santiago, also respectfully requests of this Court a copy of the docket sheet of varification to the status of his motion and all related papers, documents, or pleadings.

cc: file

Respectfully Submitted.

_Roberto Santiago_
Roberto Santiago
Reg. No. 67713-054

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on this 30th day of the month of November, 2020; a copy of the foregoing Defendant Roberto Santiago's letter (motion) in concern of Emergency Reconsideration for Compassionate Release, was mailed prepaid to the following:

Office of the Court's clerk,

Respectfully Submitted.

_Roberto Santiago_
Roberto Santiago
Reg. No. 67713-054
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

cc: file

Roberto Santiago
Reg. No. 67713-054
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Date: Oct 19, 2020:

Mr. Richard J. Sullivan
United States Circuit Judge
500 Pearl Street
New York, NY 10007

<u>United States v. Roberto Santiago</u>

Case Docket No. 1:10-cr-00555-RJS

Dear Honoable Judge Sullivan,
    I'am filing this letter in the mannerism of Rule 7, of Federal Rules of Civil Procedure, as to an "Emergency Reconsideration of the Compassionate Release, in pursuant of Title 18 U.S.C. § 3582(c)(1)(A) as to the matter of the COVID-19 virus, pandemic in according to the section 603(b) of the First Step Act of 2018, extraordinary and compelling circumstances.
    As this Honorable Court may be aware of the Control Diseases Center recent release of health issues subject to higher risk of contracting the corona virus and facing severe illness or fatal results.
    On October 9, 2020; the FCI-Fort Dix's LCDR Ronell Copeland, RN, QIICN announced in his prison inmate general population memorandum of the fact that a recent breaking out of the COVID-19 virus and has spreaded throughout the prison facility, and has infected several inmates, that there are no vaccine or antivral medication to treat this disease thereby, places inmates like myself to be vulnerable to contracting the now spreading COVID-19 virus.
    The facts is that more then one hundred and forty inmates was transferred from the FCI-Elkton prison facility, where there was reported more then 976 infected corona virus cases amonged inmates, the first inmate here at FCI-Fort Dix was one of the inmates transferred from the FCI-Elkton, he was placed in the general housing unit of 5851, along with 40 other inmates, that was on September 24, 2020, the second 12 cases of inmates infected was also from the FCI-Elkton, and placed in housing units 5851, and 5703, since then more then 15 inmates that was being housed herein the FCI-Fort Dix facility has contracted the corona virus from the 13 inmates that had been transferred into this facility.
    As several inmates from the DC facility that was infected with the corona virus was also transferred to the FCI-Fort Dix, and placed in the housing unit 5851, which is at less 35 to 38 yards from where I'am being presently housed in the RDAP's building 5852, on October 9, 2020; several of those inmates was then removed from 5851, into 5852 building where I'am presently being housed...However, at less two of the DC inmates here announced that two are (A) symptomic of the corona virus, and that the administration staff members are fully aware of this inmate being a currier of the COVID-19 virus, and has placed them among us inmates in this RDAP's program building, and although that (A) symptomic inmate had voluntarily withdraw, he still remains in the building with me, and has been placed in the same cell as I'am with no regard by the RDAP's Doctors Rodriguez, and Curry.
    The fact of Dr. Rodriguez's disregard for inmates such as myself being at high risk of contracting the COVID-19 virus from those inmate thats (A) symptomic,

of the corona virus, she has placed one of the (A) symptomic corona virus inmate in same room I'am being housed in, the other Symptomic (A) inmate is allow to walk as freely among the rest of us inmates pasting the corona symptoms, there is also a inmate who is currectly among us inmates in the RDAP building 5852 that have scabies, the fact of the matter(s) are there is no cure should I contract the corona virus, my health conditions outside of corona virus pandemic are treatable with medication however, I asks this Honorable Court to take into its reconsideration the following circumstances and facts the FBOP, and FCI-Fort Dix Administration has repeatly subjected myself and other inmates to severe illness that neither I nor they have vaccine, or antiviral medication, nor can FBOP, or FCI-Fort Dix's medical Dep't provide me with a medical treatment or care that would prevent death should I be come infected of COVID-19 virus.

    The Control Disease Center, has recently reported that persons that suffer with obesity, I'am a inmate that is obese, at 5'3" and 230lbs, in combinated with my heart disease, and asthma, in the near passing this Court held that FCI-Fort Dix MDC was taking the necessary pre-cautions to prevent the spread of corona virus, and in all honesty it appears that this Court commodity was based upon the Executive agency false reports, see attached document, where showing 37 inmates recovered, and 6 staff, at the time of your orginial denial of this defendant's motion for Compassionate Release.

    I now plead with this Court to base its reconsideration upon the facts as hereby, present as (attachments No. 1, 2, 3, and 4). This Court perviously held that on courts had been found outside of several caselaws quoted in its order memorandum, however, under the present circumstances where the spread of corona virus are the substance of severe illness, and even death cast the "extraordinary and compelling reason," to triggers cruel and unusal conditions of punishment, such as the COVID-19 pandemic does in this case before this Honorable Court today as to Mr. Santiago's health conditions under the present of corona virus spreading in the FCI-Fort Dix, this Court are provided herein, with the FCI-Fort Dix's Head of Medical Department's Memorandums dated Oct. 9, and 15, 2020, of the facts that both the prison facility and surrounding communities of the prison have COVID-19 virus spreadings. Several courts has foreseeing the seriousness of the corona virus. United States v. Kennedy, No. 18-20315,2020 WL 1493481(E.D. Mich. Mar. 27,2020)("[T]he danger posed to Defendant in the Saginaw County Jail by the COVID-19 pandemic constitutes an independent compelling reason to temporarily release him from custody"); United States v. Copeland, No. 2:05-cr- 135 DCN (D.S.C. Mar. 24,2020); United States v. Michaels, No.8:16-cr-76-JVS(C.D. Cal. Mar. 26,2020); (quoting United States v. Jaffee, No. 19-cr-88 (D.D.C. Mar. 26,2020); United States v. Harris, No. 19-cr-356(D.D.C. Mar. 2020)(releasing defendant with criminal histroy in gun & drug case, citing "palpable" risk of spread in lail and "real" risk of overburdening the jail's healthcare resources," "the court is convinced that incarcerating the defendant while the current COVID-19 crisis continues to expand poses a greater risk to community safety than posed by Defendant's releas to home confinement"). The facts of the corona virus spread place me in dangerous circumstances has been recognized in this Court's case " United States v. Perez, No. 19-cr- 297 (PAE) 2020 WL 1329225, at * 1 (S.D.N.Y. Mar. 19,2020( release defendant due to the "heightened risk of dangerous complications should he contract COVID-19"). In Perez this Court went on to states: granting compaassionate release where "[t]he benefits of keeping [Perez] in prison for the remainder of his sentence are minimal and the potential consequences of doing so are extraordinary grave."

    Mr. Santiago, has accepted responsibility for his participation in the crime conducts that he personally conducted, and sense his being in prison he has sort to address and correct his mental disability through literacy disadvantages, and drug abuse... At sentencing this Court held that it imposed its sentence in according to § 3553(a) of the Title 18 U.S.C., this Court has recently reached a decision of denial as to Mr.Santiago, holding that because Mr. Santiago's medical conditions was being

met and that no present cases of inmates infected with COVID-19 virus...However, the circumstances have changed and the facts that was being inaccurantly reported as to the FBOP's and / or FCI-Fort Dix Administration taking pre-caution to prevent the spread of corona virus within, the prison facility herein question " FCI-Fort Dix.

In April 2020, the FCI-Fort Dix prison officials brought 40 infected inmates from the SPC-Fort Dix into FCI-Fort Dix, placed those inmates in a housing unit less then 35 til 38 yards from this Defendant's assigned housing unit, this Court in its prior order of denying for Defendant's " Compassinate Release " that 14 inmates in FCI-Fort Dix, however, the fact herein, attached and submitted by this Defendant shows that this Court was purposely giving inaccurant data because the FCI-Fort Dix administration alleged that 37 inmates recovered from corona virus, and 6 staff, and on June 6,2020, the FCI-Fort Dix's administration brought into the prison facility 58 more infected inmates with corona virus from SPC-Fort Dix, again into FCI-Fort Dix again placed them in building 5851 across from this defendant's assigned housing unit 5852, and refused him and other inmates in 5852 testing. Now from September 3, 2020, two buses from FCI Elkton prison was turn away when more then half these inmates was positive for corona virus. Nevertheless, on September 24, 2020, a bus from Elkton prison facility arrived and those inmates was placed in 5851, however, an emergency removal of an inmate that was infected with the corona virus occurred at 9:36 pm the same night of their arrival on September 24,2020, and since then more and more infected inmates from such Federal prisons and detention centers: FCI-Elkton, DC Detention center, and Baltimore Supermacks facility.

An out break of the COVID-19 virus now spread throughout this FCI-Fort Dix prison facility, and there are no medical treatment available should Mr. Santiago contracts COVID-19 virus, this Court perviously recognized the fact that Santiago suffer with a heart disorder, asthma disease, and he is obese.

This Court also perviously held that no inmates in Mr. Santiago's housing unit was had that report was then based upon the fact that no inmates in 5852, 5841, 5812,5811, 5803, and 5802, was tested unless symptomatic flared up, however, the inmates infected with corona virus symptomatic (A), been allowed to go on undetected on October 9, 2020, two inmates infected with COVID-19 virus symptomatic was and still remain among Mr. Santiago, in fact one of the inmates has been placed into the same sleeping quarters as Mr. Santiago, the other has been placed in another sleeping quarters on the third floor, where another inmate infected with " Shingles" these facts has been bring to both the DAP-Cs Rodriguez's and Curry's attention and the Assistant Warden of Operation of prison affairs here at the FCI-Fort Dix.

I understand the facts of §§ 3553(a)(2), and 3661 of 18 U.S.C. are factors of concers, and as I stated above herein, I recognize and respect the serious in my predicate offense(s), and I have implement and employed the rehabilitation the self-help programs, to address the Recidivism factors, and the Productive factors, I have employment awaiting my release. But recently my education struggles became subject matter under the RDAP and although I was two days away from my graduation, I was expired for seeking others assistance with spelling words, yes I know it sound as if I am undermining why I been expired two days prior of completion of the in-house component although I have more then 700 hours in a 500 hours program and that factors was due to my being set back phases, due to my education disability, but I didn't give up, I'am still in school, I was to have been released to the Halfway house in December 2020. My family in need of mine's support and employment awaits my release. My employment would be for the city repose truck company as driver's assistance, for a period of time then I will be driving for the company.

My original home plan submitted in this Court remains the same, and I'm respectfully requesting of this Court to take into consideration my post sentence characteristic, and the Recidivism program, and allow me to show this Court with my actions, that I'am a change man who is positive and productive member of society and not a threat to our public safety!

**THEREFORE,** and by the above reasons I plea with this Court to reconsider its pervious decision and grant my " compassionate release" under the section 603(b) of the First Step Act of 2018, I also respectfully request this Court to enforce upon this FCI-Fort Dix's Administration to grant me 13 months of RDAP's successful participation Evidence Base Earn Time credits of Recidivism programs, and Productive Activity program credits for my participation in Educational activity as instructed by the First Step Act.

The FCI-Fort Dix has refused to implement such law herein, mentioned just above as to Evidence Based Recidivism Reduction Training under First Step Act's Title 18 U.S.C. § 3632(d)(4)(A), its just another factor to their neglection to preform as they allows to do so. See, **Goodman v. Ortiz**, No. 20-7582(RMB).

Dated: Oct 19, 2020:

Respectfully Submitted.

*Roberto Santiago*
Roberto Santiago
Reg. No. 67713-054

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on this 19 day, of the month of October, 2020; a copy of the foregoing Defendant Roberto Santiago's letter for " **Emergency Motion for Reconsideration of Compassionate Release,**" was mailed pre-paid to the following:

United States District Court
for the Southern Division of New York's
Office of Clerk

cc:file

Respectfully Submitted.

*Roberto Santiago*
Roberto Santiago
Reg. No. 67713-054
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

| Facility | Inmates Positive | Staff Positive | Inmate Deaths | Staff Deaths | Inmates Recovered | Staff Recovered | City | State |
|---|---|---|---|---|---|---|---|---|
| Cass County Jail (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | fargo | ND |
| Central Arizona Florence Correctional Complex (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | florence | AZ |
| Central Office HQ | 0 | 6 | 0 | 0 | 0 | 3 | washington | DC |
| Community Extended Nuclear TRA (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | fargo | ND |
| Corecivic (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | norfolk | VA |
| Corecivic (RRC) | 0 | 0 | 0 | 0 | 2 | 0 | raleigh | NC |
| Danbury FCI | 0 | 1 | 1 | 0 | 86 | 63 | danbury | CT |
| Devens FMC | 0 | 2 | 2 | 0 | 48 | 6 | ayer | MA |
| Dismas Charities (RRC) | 0 | 0 | 0 | 0 | 3 | 0 | memphis | TN |
| Dismas Charities (RRC) | 0 | 0 | 1 | 0 | 0 | 0 | hattiesburg | MS |
| Dismas Charities (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | tucson | AZ |
| Dismas Charities, Inc. (RRC) | 0 | 0 | 0 | 0 | 5 | 0 | corpus christi | TX |
| Dismas House of St. Louis (RRC) | 0 | 0 | 0 | 0 | 2 | 0 | saint louis | MO |
| Dublin FCI | 0 | 0 | 0 | 0 | 1 | 6 | dublin | CA |
| Duluth FPC | 0 | 0 | 0 | 0 | 1 | 0 | duluth | MN |
| El Reno FCI | 0 | 6 | 0 | 0 | 1 | 1 | el reno | OK |
| Estill FCI | 0 | 12 | 0 | 0 | 0 | 0 | estill | SC |
| Florence - High USP | 0 | 2 | 0 | 0 | 0 | 1 | florence | CO |
| Fort Dix FCI | 0 | 0 | 0 | 0 | 37 | 6 | joint base mdl | NJ |
| Fresno County Jail (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | fresno | CA |
| GEO Care Inc. (RRC) | 0 | 0 | 1 | 0 | 1 | 0 | brownsville | TX |
| GEO Care Salt Lake City Center (RRC) | 0 | 0 | 0 | 0 | 8 | 0 | salt lake city | UT |
| GEO Care, LLC (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | sacramento | CA |
| GEO Group Inc. (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | el monte | CA |
| GEO Reentry of Alaska, Inc. (RRC) | 0 | 0 | 0 | 0 | 1 | 0 | oakland | CA |

"Defendant's Attachment No.1"

## NOTICE TO THE INMATE POPULATION

DATE: April 11, 2020

FROM: D. Ortiz, Warden

SUBJECT: Protecting Yourself and Others

In order to maintain the health of staff and inmates, the following is expected from ALL inmates:

- Wash hands with soap and water for at least 20 seconds.
- Avoid touching your eyes, nose, and mouth with unwashed hands.
- Clean and disinfect all surfaces with the approved chemical.
- Cover your cough/sneeze with tissue, immediately throw tissue in the trash and wash your hands.
- **Wear your surgical face masks!** Since Social Distancing is not possible in this environment, masks will help keep you and others from spreading viruses.
- Report symptoms (coughing, sneezing, fever, fatigue, etc.) to Health Services and/or any staff.

We ALL must do our part in protecting ourselves and others from spreading COVID-19!

"Defendant's Attachment No. 2."



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
P.O. Box 38
JBMDL, New Jersey 08640

October 9, 2020

MEMORANDUM FOR INMATE POPULATION

FROM:       LCDR Ronell Copeland, RN, QIICN

SUBJECT:    COVID-19 Update

Please be advised, there are currently inmates at FCI Fort Dix who tested positive for COVID-19 and have been placed in isolation.

Continue to observe infection prevention and control measures including maintaining social distancing, sanitizing high touched surfaces, frequent handwashing, avoid touching your eyes, nose and mouth. Also, be sure to cover your cough using a tissue and immediately dispose of the used tissue. Report the following symptoms to health services: fever, cough, shortness of breath, new-onset trouble speaking/difficulty breathing/loss of taste or smell, fatigue, muscle or body aches, sore throat, stuffy/runny nose and GI upset. Finally, it is mandatory that you wear your face covering provided by staff.

Be assured, all inmates being treated for COVID-19 will not be returned to general population until they are medically cleared.

COVID-19 is a respiratory illness spread from person to person through the respiratory droplets of an infected person. There is no vaccine or antiviral medication to treat this disease therefore, prevention is key.

"Defendant's Attachment No. 3"

## NOTICE TO INMATE POPULATION
## October 15, 2020
## Cancellation of Inmate Visiting

Due to a recent increase in the number of positive COVID-19 cases both in the community and the institution, all social visits will be cancelled immediately. The BOP values visitation as an essential part of rehabilitation, but at this time the Department must make difficult decisions in order to protect the health and wellness of all who live, work and visit this institution.

Please contact your visitors to inform them of the change. While this suspension of visitation will be temporary, the Department recognizes the immediate impact this decision may have on incarcerated individuals throughout the correctional system.

We encourage you to use other means and resources available such as TRULINCS and mail to remain connected to your loved ones. During this difficult time, the FCI Fort Dix staff appreciates your patience and understanding as we continue to face this virus together. We will inform you of any changes affecting this matter.

"Defendant's Attachment No. 4"