UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-

ROBERTO SANTIAGO,

                Defendant.

No. 10-cr-555 (RJS)
<u>ORDER</u>

---

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

Before the Court is Defendant Roberto Santiago's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "First Step Act") in light of the COVID pandemic. (Doc. No. 152 at 1.)  For the reasons discussed below, Santiago's motion is DENIED.

In 2013, Santiago pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.  Based on Santiago's leadership role in the conspiracy, the Court sentenced him to 144 months' imprisonment and five years' supervised release.  (Doc. No. 76 at 100, 121.)  The Court later reduced Santiago's sentence to 135 months' imprisonment in light of retroactive amendments to the Sentencing Guidelines that lowered Santiago's offense level.  (Doc. No. 110 at 2.)  Santiago resides at FCI Fort Dix, and the Bureau of Prisons ("BOP") projects that he will be released in December 2022.  *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited July 30, 2021).

In April 2020, Santiago filed his first request for compassionate release, arguing that his heart condition and asthma increased the health risks associated with the COVID-19 pandemic. (Doc. No. 134 at 2, 4, 8.)  Although the Court recognized the potential harms posed by the

pandemic and Santiago's underlying health conditions, it nevertheless concluded that release was not appropriate, since the BOP's Fort Dix facility had taken meaningful steps to contain the virus at the time of the motion and because the sentencing factors under 18 U.S.C. § 3553(a) outweighed any facts that supported release.  (Doc. No. 141 at 5–6.)  In November 2020, Santiago renewed his request for compassionate release, arguing that a recent outbreak of COVID-19 at Fort Dix subjected him to an increased risk of serious bodily harm.  (Doc. No. 142 at 1.)  Once again, the Court denied his motion, concluding that "[r]eleasing Santiago now . . . would go against th[e] fundamental goals of sentencing" set forth in 18 U.S.C. § 3553(a).  (Doc. No. 144 at 3–4.)

Santiago now makes a third request for compassionate release pursuant to the First Step Act, arguing that a recent spate of COVID-related inmate deaths at Fort Dix[1] illustrates that Santiago will not be able to obtain adequate medical care in prison if he were to contract the virus, and that the generally unsafe conditions in the facility, coupled with his underlying medical conditions, warrant a sentencing reduction.  (Doc. No. 152 at 2.)  The Court once again disagrees.

It is well-established that a court "may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-cr-528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020).  Section 3582(c)(1)(A) provides one such exception, permitting a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

---

[1] Though Santiago claims that at least three inmates have died from COVID at Fort Dix (Doc. No. 152, at 2), the BOP reports a total of two inmate deaths at the facility.  *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (visited July 30, 2021).

Although the Court has previously found that Santiago's underlying medical conditions, coupled with a major outbreak of COVID, may rise to the level of an "extraordinary and compelling" reason for a sentencing reduction (Doc. No. 144 at 3), the most recent data from the BOP suggests that Fort Dix now has the virus under control; indeed, the data reflects that no inmates presently have COVID, only one staff member presently has COVID, and over half of the inmate population has been vaccinated.  *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (visited July 30, 2021); *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (visited July 30, 2021).

But even assuming that Santiago could establish an extraordinary and compelling reason for a sentencing reduction, countervailing factors again compel denial of his motion here.  Indeed, the same factors that drove the Court's analysis when previously deciding Santiago's original motion for a compassionate release apply with equal force now.  These include (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct" – all of which strongly disfavor early release.  (Doc. No. 141 at 5 (quoting 18 U.S.C. § 3553(a)).)   As this Court has previously emphasized, Santiago was a leader and organizer of a narcotics conspiracy that managed a heroin mill and distributed at least ten kilograms of heroin into the community.  As before, the Court is certain that such destructive and potentially lethal criminal conduct continues to justify a serious sentence of 135 months' imprisonment.  (Doc. No. 141 at 5.)  Because granting Santiago's request for compassionate release would undermine the original goals of sentencing, compassionate release is not warranted here.  (Doc. No. 144 at 4.)

For all these reasons, and for those articulated in the Court's prior two orders, the Court once again DENIES Santiago's motion for compassionate release.

SO ORDERED.

Dated:      August 2, 2021
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation